### ROGERS *v.* MCGUIRE *et al.*

##### (*Supreme Court, General Term, Second Department.*   July 18, 1890.)

MECHANICS' LIENS—PAYMENTS.

> An action to foreclose a mechanic's lien on a house and lot involved the issue whether plaintiff was entitled to the second payment of the contract price which was due "when cornice is set, siding on, and floors laid." It appeared that a small portion of the siding which could better be done at a later stage of the work, had been omitted, and that the owner made no objection to the omission, but promised payment. *Held*, that a finding that the payment was due would not be disturbed.

Appeal from special term, Westchester county.

Action to foreclose a mechanic's lien filed by George A. Rogers against Hannah McGuire, the owner of the premises, William McGuire, her husband, and others.   From the judgment entered therein, defendant Hannah McGuire appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Norman A. Lawlor*, for appellant.   *L. C. & W. P. Platt*, for respondent.

BARNARD, P. J.   The principal question in this case was one of fact.   The plaintiff is a builder, and the defendant McGuire owned a lot of land upon which the plaintiff agreed to erect a building for an agreed price.   The first payment, of $1,500, was paid.   The second payment, of $2,000, was due "when cornice is set, siding on, and floors laid."   Proof was given tending to show that the payment was due and payable; that the work called for was done, and the certificate of the architect delivered; that a portion of the siding was not on, but this could be better done at a later stage of the work; and that a full performance in this respect was waived.   Notwithstanding this, the owner refused to pay the installment, and the contractors stopped work. The architect testified that the siding omitted was small spaces between the stone front, and that the stone front was to be put up first.   This was included in the third payment.   The owner at first made no objection to the omission, but promised payment of the second installment.   The trial court could not therefore find otherwise than that the second payment was due and payable. The plaintiff proved extra work beyond this to support the finding of the court that there was due at the time of the breach of the contract the sum of $2,500, with interest thereon from 27th April, 1887.   Whether the building was larger than the specification called for, and what it would cost to furnish it, and whether the work was well done or not upon it, were questions which became subjects of contradictory proof.   The proof supports the finding upon the questions so far as the same are involved in the case.   The judgment should therefore be affirmed, with costs.